UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

       Case No. 01-CR-80387
       HON. GEORGE CARAM STEEH

DARLENE DAVIS MULLEN,

       Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO EXPUNGE CONVICTIONS (# 12) WITHOUT PREJUDICE

Defendant Darlene Mullen moves to expunge her July 31, 2001 plea-based convictions to two counts of unlawful disclosure of Social Security information in violation of 42 U.S.C. § 1306. Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

Mullen moves for expungement arguing she has served her sentence of one year of probation, and has not since been charged with another crime. Mullen asks the court to consider in its discretion that: she is the mother of three minor children, two of which suffer from autism; she is the sole financial supporter for the three children because her husband provides no assistance; she holds a bachelor of arts degree in public administration from the University of Detroit; she filed bankruptcy due to overwhelming medical and household bills; and she has been unable to secure employment above the minimum wage due to her federal criminal convictions.

The Sixth Circuit has recognized that federal courts enjoy inherent power to expunge criminal records in an appropriate case. United States v. Doe, 556 F.2d 391, 393 (6th Cir. 1977). "[R]ecords of valid arrests, indictments or convictions ordinarily may not be expunged." United States v. Lucido, No. 92-80152, 2009 WL 728526, *2 (E.D. Mich. March 19, 2009) (quoting United States v. Flagg, 178 F.Supp.2d 903, 905 (S.D. Ohio 2001)). Indeed, expungement is only warranted under extraordinary circumstances. Geary v. United States, 901 F.2d 679, 680 (8th Cir. 1990). Being prevented from obtaining comparable employment following a valid federal conviction does not constitute extraordinary circumstances, standing alone. See United States v. Robinson, No. 94-1945, 1996 WL 107129 (6th Cir. March 8, 1996) (weighing the government's strong interest to maintain extensive records against the harm to the individual resulting from these records). Mullen does not challenge the validity of her plea-based convictions, and has not articulated extraordinary circumstances for purposes of expungement. It has been just short of seven years since her sentence was completed. Defendant shall not be precluded from renewing her motion in the event that the passage of time and her circumstances constitute an extraordinary basis for granting such relief in the future. Accordingly, Defendant Mullen's motion to expunge convictions is hereby DENIED without prejudice.

SO ORDERED.

Dated: July 16, 2009

        s/George Caram Steeh
        GEORGE CARAM STEEH
        UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 16, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk